UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INGRID BERGES, individual and natural guardian of J.N., minor child,<br><br>                         Plaintiff,<br><br>-against-<br><br>LAFAYETTE DEVELOPMENT, LLC; MAXWELL-KATES, INC.; MAXWELL-KATES HOLDING, INC.; THE BOARD OF DIRECTORS AT AURUM CONDOMINIUM; MAX G. FREEDMAN; AND ROBERT FREEDMAN,<br><br>                         Defendants. | 25-CV-10743 (KMW)<br><br>ORDER TO AMEND |

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Fair Housing Act, 42 U.S.C. §§ 3601 to 3619 ("FHA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), alleging that Defendants denied Plaintiff reasonable accommodations and retaliated against Plaintiff for engaging in protected activity. Plaintiff seeks damages, declaratory and injunctive relief, and attorney's fees. By order dated January 23, 2026, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint

states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements. *Id.* After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.* at 678.

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint.[1]  Plaintiff lives in and owns a unit in a condominium building at 171 West 131st Street, New York, New York ("Aurum Condominium"), with her minor child, J.N. (ECF No 1-1 at 1.)  Defendants are Aurum Condominium's sponsor and developer, Lafayette Development, LLC ("Lafayette Development"); managing agents, Maxwell-Kates, Inc. and Maxwell-Kates Holding, Inc. (collectively "Maxwell-Kates"); Maxwell-Kates's principals, Max G. Freedman and Robert Freedman, "who exercised authority over management policies, enforcement actions, billing, security procedures, and responses to resident complaints"; and the Board of Directors of the Aurum Condominium ("Board").  (ECF No 1-1 at 1.)

Plaintiff's household includes someone with "mobility-related needs."  (ECF No. 1 at 5, No. 1-1 at 1).  Plaintiff's unit was approved based on this household composition.  (*Id.*) Defendants are aware that Plaintiff's household includes someone with these needs.  (ECF No. 1 at 5.)

Plaintiff requested accommodations that are not specified in her complaint.  Sometime in the two years before she brought this action, Defendants denied her request.  (ECF No. 1 at 5; ECF No. 1-1 at 2.)

Plaintiff then filed a complaint with the New York State Division of Human Rights ("DHR") on February 27, 2023, alleging housing discrimination. (*Id.*)  On April 29, 2025, DHR issued a probable cause determination.  (*Id.*)  On September 29, 2025, Plaintiff's DHR complaint

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

"was dismissed for administrative convenience to permit Plaintiff to proceed in federal court." (*Id.*)

Defendants then "retaliated" against Plaintiff "by selectively enforcing alleged account charges, misapplying public assistance funds, assessing legal fees related to enforcement and foreclosure activity, withholding financial records, and threatening foreclosure while similarly situated owners were not treated the same."  (*Id.*)  "[B]uilding staff released Plaintiff's apartment key to an unauthorized individual without verification" on October 5, 2025; Plaintiff filed a police report of this incident.  (*Id.*)  Defendants "minimize[ed] the incident rather than acknowledging the security breach" (*Id.*)  Defendants also "minimized document safety concerns, including public reports identifying the building as associated with a Legionnaires' disease outbreak, and failed to provide timely notice to residents."  (*Id.*)

As a result of Defendants' conduct, Plaintiff "suffered loss of equal housing access, emotional distress, safety risks to her household, financial harm, and ongoing interference with her federal protected housing rights."  (ECF No. 1 at 6.)

Plaintiff seeks the following forms of relief: a judgment declaring that Defendants' conduct violated the FHA and ADA; an injunction prohibiting "discriminatory and retaliatory practices, including selective enforcement and interference with Plaintiff's housing rights"; "compensatory damages for emotional distress, loss of housing enjoyment, and financial harm"; "punitive damages to deter willful and reckless misconduct"; an order directing "Defendants to provide reasonable accommodations and to correct discriminatory policies and practices"; and costs and reasonable attorneys' fees.  (*Id.*)

**DISCUSSION**

**A.  Plaintiff's Claims on Behalf of J.N.**

Plaintiff appears to bring claims on behalf of her minor child, J.N., who is listed in the caption as a co-plaintiff in this action.  Plaintiff does not include information showing that Plaintiff is an attorney or otherwise authorized to bring claims on behalf of others.  As a nonlawyer, Plaintiff can represent only her own interests.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.2d 56 (8 Cir.1976))).

Moreover, a nonlawyer parent cannot represent her child's interests *pro se*.  *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child.").  Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children.  *Cheung*, 906 F.2d at 61.  Furthermore, "a district court has a duty to raise this issue *sua sponte*."  *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

The Court therefore dismisses without prejudice any claims that Ingrid Berges is attempting to bring on behalf of her minor child, J.N.  The sole remaining Plaintiff in this action is Ingrid Berges.

## B.  Claims Under the ADA

Plaintiff invokes the ADA as a basis for her claims, but this statute does not apply to her claims as pleaded.  The ADA consists of three parts: Title I, 42 U.S.C. § 12111 et seq., which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 et seq., which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. § 12181 et seq., which prohibits discrimination in access to public accommodations operated by private entities.  *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001).

Title III of the ADA prohibits discrimination by any person or private entity "who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a). Private landlords and real estate management companies are generally not subject to the ADA because they are neither public entities nor are they places of public accommodation.  *See Blitz v. BLDG Mgmt. Co.*, No. 20-CV-5462, 2023 WL 6162295, at *6 (S.D.N.Y. Sept. 21, 2023) ("Neither a private individual nor a residential facility, such as an apartment is either a 'place of accommodation' within the meaning of Title III of the ADA, or a 'public entity' pursuant to Title II.") (quoting *Noe v. Ray Realty*, No. 19-CV-1455, 2020 WL 506459, at *1 & n.1 (S.D.N.Y. Jan. 31, 2020) (dismissing ADA claims, reasoning that the ADA does not apply to private landlords)).

The Court grants Plaintiff leave to amend her complaint to state facts—such as what accommodations she sought and when she sought them, and in what part of Aurum Condominium she requested accommodations—demonstrating that Plaintiff is entitled to relief under the ADA.  The Court notes that Title III of the ADA prohibits "any person who owns, leases (or leases to), or operates a place of public accommodation" from discriminating based on

disability.  *See* 42 U.S.C. § 12182(a).  The Court also notes that only injunctive relief and attorney's fees are available to private litigants under Title III of the ADA.  *See id.* § 12188(a)(1) (only injunctive relief is available to private litigants under Title III of the ADA); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004).

### C.  Claims Under the FHA

The FHA "broadly prohibits discrimination in housing."  *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979).  Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a" disability "of that person; or a person residing in or intending to reside in that dwelling . . . or any person associated with that person."  42 U.S.C.§ 3604(f)(2).  The FHA further defines disability discrimination to include a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).

The FHA also prohibits retaliation against persons who have asserted their rights under the FHA.  *See id.* § 3617 (making it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

To state a claim under the FHA for failure to provide reasonable accommodations for a plaintiff's disability, a plaintiff must allege facts showing:

> (1) that the plaintiff or a person who would live with the plaintiff had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation

requested was reasonable; and (5) that the defendant refused to make the
requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *C.T. Fair Hous. Ctr. v. Corelogic Rental Prop. Solutions, LLC*, 369 F. Supp. 3d 362, 379 (D. Conn. 2019).  For an accommodation to be necessary, "'[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'"  *Olsen*, 759 F.3d at 156 (citation omitted).  "Requested accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider."  *Id.*

Here, Plaintiff does not provide enough information for the Court to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief under the FHA.  Although the Court construes Plaintiff's complaint as alleging that she requested accommodations, the Court cannot construe her complaint as adequately pleading failure to accommodate under the FHA based on the mere conclusory allegation that "Defendants denied reasonable accommodations." (ECF No. 1 at 5, No. 1-1 at 2.)  Nor can Defendants respond to Plaintiff's complaint without concrete facts that describe what occurred and when they occurred.

Accordingly, the Court grants Plaintiff leave to file an amended complaint to state a claim for failure to accommodate under the FHA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend the complaint to detail her claims.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant in the "Statement of Claim" section of the amended complaint form. If Plaintiff has an address for any named defendant, then Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

In the amended complaint, Plaintiff should plead facts describing what accommodations Plaintiff requested, when they were requested, to whom these requests were made, and when these requests were denied. Plaintiff may replead her claims under the ADA only if Plaintiff sought accommodations for common areas of Aurum Condominium or areas outside of her unit that were denied.

Because Plaintiff's amended complaint will completely replace—not supplement—the original complaint, any facts or claims that Plaintiff wants to include from the original complaint

that were not discussed in this order, namely, facts or claims of retaliation and interference under the FHA, must be repeated in the amended complaint.

**PRO SE LAW CLINIC**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court.  Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form.  A flyer with details is attached.[2]

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-10743 (KMW).  An Amended Complaint form is attached to this Order.  No summonses will be issued at this time.  If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[3]  Attached to this order is a flyer from CBJC.

---

[2] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *IFP* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)..

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

11